**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Jovanni Guiseppe Whyte-Bey,<br><br>                         Plaintiff,<br><br>-v-<br><br>Santander Consumer USA, Inc.,<br><br>                        Defendant. | 2:24-cv-7104<br>(NJC) (SIL) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

On March 10, 2026, this Court issued an Opinion and Order granting Defendant's motion to dismiss the Amended Complaint. (ECF No. [29].) That same day, the Clerk of Court entered Judgment in this case. (ECF No. [30].) On April 7, 2026, Plaintiff Jovanni Guiseppe Whyte-Bey filed a combined motion seeking an order to show cause, relief from judgment pursuant to Rule 60(a), (b)(l), (b)(3), and (b)(6) of the Federal Rules of Civil Procedure, and leave to file a Second Amended Complaint. (Mot., ECF No. 31.) Defendant opposed the motion. (ECF No. 32.) For the reasons set forth below, Mr. Whyte-Bey's motion is denied in its entirety.

**LEGAL STANDARDS**

### I.     Rule 60(a)

Rule 60(a) provides that a court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). "Rule 60(a) applies only to 'changes that implement the result intended by the court at the time the order was entered'; it does not permit 'changes that alter the original meaning to correct a legal or factual error.'" *Lowy v. VSUS Techs., Inc.*, 776 F. App'x 742, 743

(2d Cir. 2019) (summary order) (quoting *Rezzonico v. H & R Block, Inc.*, 182 F.3d 144, 150–51 (2d Cir. 1999)).

## II.     Rule 60(b)

Rule 60(b) is "a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008).[1] The decision to grant "a party's Rule 60(b) motion is committed to the sound discretion of the district court." *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012). "A Rule 60 motion may not be used simply to relitigate matters settled by the original judgment." *MAVL Capital, Inc. v. Marine Transp. Logistics, Inc.*, 771 F. App'x 56, 57 (2d Cir. 2019) (summary order) (citing *Donovan v. Sovereign Sec., Ltd.*, 726 F.2d 55, 60 (2d Cir. 1984)).

Rule 60(b)(1) permits a party to seek relief from a district court's order or judgment because of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "Under this provision, a district court may correct its own mistakes that are 'of a substantive legal nature' and 'its own mistakes of fact.'" *Castro v. Bank of N.Y. Mellon as Tr. for Certificate Holders of CWalt Inc.*, 852 F. App'x 25, 28 (2d Cir. 2021) (summary order) (first citing *Int'l Controls Corp v. Vesco*, 556 F.2d 665, 670 (2d Cir. 1977); then citing *Gey Assocs. Gen. P'ship v. 310 Assocs. (In re 310 Assocs.)*, 346 F.3d 31, 35 (2d Cir. 2003) (per curiam)). "Dissatisfaction with a judgment does not sufficiently justify an allegation of mistake under Rule 60(b)(1)." *Hamilton v. Lee*, 188 F. Supp. 3d 221, 238 (E.D.N.Y. 2016). Additionally, Rule 60(b)(1) "will not provide a movant an additional opportunity to make arguments or attempt to win a point already carefully analyzed and justifiably disposed." *Id.*

---

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, brackets alterations, and citations.

"The question of whether a party has demonstrated excusable neglect" under Rule 60(b)(1) "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omissions." *Pollard v. Does*, 452 F. App'x 38, 40 (2d Cir. 2011) (summary order) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). "Four factors bear on this question: (1) the danger of prejudice to the non-movant; (2) the length of the delay and its possible effect on the district court proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Id.*; *see also Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250 (2d Cir. 1997) (per curiam).

Rule 60(b)(3) provides that a court may provide relief from judgment for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). "To prevail under Rule 60(b)(3), a party must prove the opposing party's misconduct by clear and convincing evidence." *Adidas Am., Inc. v. Thom Browne, Inc.*, 174 F.4th 325, 332 (2d Cir. 2026). The party "must also show that the misconduct interfered with [the party's] ability to present [their] case fully and fairly." *Id.*

Rule 60(b)(6) permits a court to relieve a party from judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "Rule 60(b)(6) grants federal courts broad authority to relieve a party from a final judgment upon such terms as are just, provided that the motion is made within a reasonable time and is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." *Mandala v. NTT Data, Inc.*, 88 F.4th 353, 361 (2d Cir. 2023) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988)). "[I]t constitutes a grand reservoir of equitable power to do justice in a particular case. But that reservoir is not bottomless." *Id.* "Relief under Rule 60(b)(6) is reserved for cases that present 'extraordinary circumstances.'" *Id.*

3

"Rule 60(b)(1) and Rule 60(b)(6) are 'mutually exclusive,' such 'that any conduct which generally falls under the former cannot stand as a ground for relief under the latter.'" *Id.* at 359. Thus, "[w]here a party's Rule 60(b) motion is premised on grounds fairly classified as mistake, inadvertence, or neglect, relief under Rule 60(b)(6) is foreclosed." *Id.* (citing *Klapprott v. United States*, 335 U.S. 601, 614 (1949)).

### III.     Leave to Amend

"When vacatur [of a judgment] is sought in order to obtain leave to file an amended complaint, special considerations come into play." *Mandala*, 88 F.4th at 361. "In the ordinary course, the Federal Rules of Civil Procedure provide that courts 'should freely give leave' to amend a complaint 'when justice so requires.'" *Id.* "Where, however, a party does not seek leave to file an amended complaint until after judgment is entered, Rule 15's liberality must be tempered by considerations of finality." *Id.* As a result, a party seeking relief from judgment and leave to file an amended complaint "must first satisfy Rule 60(b) on its own terms and obtain Rule 60(b) relief before Rule 15(a)'s liberal amendment standard can apply." *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 210 (2025); *see also Northwell Health, Inc. v. Blue Cross & Blue Shield of Mass., Inc.*, No. 2:23-cv-977, 2025 WL 3500645, at *5–8 (E.D.N.Y. Dec. 5, 2025). In addressing "a post-judgment motion for vacatur and leave to amend, 'due regard' must be given to both the 'philosophy favoring finality of judgments and the expeditious termination of litigation,' and the 'liberal amendment policy of Rule 15(a).'" *Mandala*, 88 F.4th at 361.

### DISCUSSION

The facts of this case are set forth in detail in this Court's March 10, 2026 Opinion and Order. (*See* ECF No. 29.) This action arose from a June 17, 2024 retail installment contract between Mr. Whyte-Bey and non-party South Shore Mitsubishi for the purchase of a pre-owned

2018 Honda CR-V automobile. (*Id*. at 2.) The retail installment contract and accompanying invoice reference Defendant as the assignee of Mitsubishi's interest in the contract. (*Id*.) According to the terms of the contract, Mr. Whyte-Bey made a down payment of $1,000 and financed the outstanding $23,601.75 balance at an annual percentage rate of 19.51%. (*Id*. at 2–3.)

Mr. Whyte-Bey invokes Rule 60(a), (b)(l), (b)(3), and (b)(6) in his pursuit of relief from judgment. (Mot. at 6.) In his motion, Mr. Whyte-Bey seeks vacatur of the Judgment and leave to file a Second Amended Complaint in order to raise new claims and arguments, including a claim that the 19.51% interest rate was usurious under Texas law (rather than New York law) and additional claims and arguments under the Internal Revenue Service Code. (*See* Mot. at 7–19.) Mr. Whyte-Bey also seeks to file a Second Amended Complaint in order to name a new party: South Shore Mitsubishi, the car dealership where Mr. Whyte-Bey purchased his vehicle. (*Id*. at 19–23.)

Relief under Rule 60(a) is plainly inapplicable here. Mr. Whyte-Bey's motion does not request or identify any "changes that implement the result intended by the court at the time" the March 10, 2026 Order dismissing the Amended Complaint was entered. *Lowy*, 776 F. App'x at 743. Rather, he seeks a different result entirely—to add a new party and make new arguments that were not raised prior to the Court's March 10, 2026 ruling. His request under Rule 60(a) is thus denied.

The Motion is also denied under Rule 60(b)(1) for failure to identify any "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Mr. Whyte-Bey contends that the "excusable neglect" was that "his amended complaint fail[ed] to allege that Santander interest rate is usurious under Texas law." (Mot. at 7.) Here, Mr. Whyte-Bey has not shown excusable neglect based on a consideration of the totality of the circumstances and the four

factors considered when determining whether the requirements for Rule 60(b)(1) relief is satisfied: "(1) the danger of prejudice to the non-movant; (2) the length of the delay and its possible effect on the district court proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Pollard*, 452 F. App'x at 40. With respect to the second and third factors, the arguments that Mr. Whyte-Bey seeks to raise were entirely available to him at the time he initiated this action in 2024 and when he first amended the Complaint in 2026. The potential relevance of South Shore Mitsubishi—the very location where Mr. Whyte-Bey signed the retail installment contract—as a party was likewise known to him at the time he initiated this action. Nor has Mr. Whyte-Bey provided an explanation as to why he did not raise these new arguments or name South Shore Mitsubishi at any time between the commencement of this action on October 9, 2024 and the issuance of the Court's dismissal order on March 10, 2026. Even assuming that Mr. Whyte-Bey is acting in good faith in waiting nearly a year to seek leave to amend, he has not shown that Santander and South Shore Mitsubishi would not be prejudiced if the Court allows him to file a Second Amended Complaint to bring new claims and arguments under Texas law and to add South Shore Mitsubishi as a party to the action. Accordingly, relief from judgment under Rule 60(b)(1) is not proper in this instance.

Nor is Mr. Whyte-Bey's request for relief proper under Rule 60(b)(3) or (b)(6). He has not introduced any evidence—let alone any "clear and convincing evidence"—of misconduct by Santander as required for relief under Rule 60(b)(3). The Court sees no basis for concluding that any alleged conduct "interfered with [plaintiff's] ability to present [his] case fully and fairly" such that the Judgment should be vacated. *Adidas Am., Inc.*, 174 F.4th at 332. Moreover, Mr. Whyte-Bey has not shown any "extraordinary circumstances" to justify relief from judgment under Rule 60(b)(6). *Mandala*, 88 F.4th at 361.

For all of the aforementioned reasons, Mr. Whyte-Bey's motion for relief from judgment, whether pursuant to Rule 60(a) or 60(b), is denied in its entirety. The Court now turns to Mr. Whyte-Bey's request for leave to file a Second Amended Complaint.

As noted above, Judgment was entered in this case on March 10, 2026. Therefore, Mr. Whyte-Bey has filed a *post-judgment* motion for leave to file a Second Amended Complaint. In this situation, the liberal rule for granting leave to amend pleadings set forth in Rule 15(a)(2) is "tempered by considerations of finality." *Mandala*, 88 F.4th at 361. Thus, Mr. Whyte-Bey "must *first* satisfy Rule 60(b) *on its own terms* and obtain Rule 60(b) relief *before* Rule 15(a)'s liberal amendment standard can apply." *BLOM Bank SAL*, 605 U.S. at 210 (emphasis added).

Here, Mr. Whyte-Bey has not demonstrated that he is entitled to relief under Rule 60(b) for all of the reasons discussed. Additionally, Mr. Whyte-Bey has already availed himself of the opportunity to amend the complaint once after having the full benefit of reviewing Defendant Santander's Motion to Dismiss the original Complaint. (*See* Am. Compl., ECF No. 18.) Moreover, even after filing an Amended Complaint, Mr. Whyte-Bey reviewed Santander's Motion to Dismiss the Amended Complaint, which included both a moving brief and a reply. (ECF Nos. 21, 24.) Thus, Mr. Whyte-Bey has not shown any entitlement to Rule 60(b) relief as required to secure leave to amend. In this context, the Court's balancing of the interests of preserving the finality of a judgment and the Rule 15(a) liberal amendment policy weighs against granting leave to amend. *See Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 146 (2d Cir. 2020) ("In the post-judgment context, we have . . . given 'due regard' to 'the liberal spirit of Rule 15' by ensuring plaintiffs at least one opportunity to replead."); *Mandala*, 88 F.4th at 362 ("In most if not all Second Circuit cases denying post-judgment leave to replead, the plaintiff had already taken at least one shot at amendment . . . This makes sense: when a plaintiff

already had multiple chances to state a claim, there is little risk of manifest injustice in denying

yet another go.”).

## CONCLUSION

For the reasons set forth above, Mr. Whyte-Bey's combined motion seeking an order to

show cause, relief from judgment pursuant to Rule 60(a), (b)(l), (b)(3), and (b)(6) of the Federal

Rules of Civil Procedure, and leave to file a Second Amended Complaint is denied in its entirety.


Dated: Central Islip, New York
      July 13, 2026

                             */s/ Nusrat J. Choudhury*
                             NUSRAT J. CHOUDHURY
                             United States District Judge